**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Jehad Aarda,  Civil No. 06-1561 RHK/AJB

        Plaintiff,

v.  **REPORT AND RECOMMENDATION**

United States Citizenship
and Immigration Services, et al.,

        Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on defendants' Motion to Dismiss or Alternatively for Remand [Docket No. 10]. Defendants' motion seeks dismissal or remand of plaintiff Jehad Aarda's First Amended Application for Writ of Mandamus and Order Granting Naturalization Application [Docket No. 21].[1] Plaintiff is represented by Bruce D. Nestor, Esq. Defendants are represented by Freidrich A.P. Seikert, Assistant United States Attorney. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). It is the recommendation of the magistrate judge that the defendants' alternative motion to dismiss or for remand be granted in part and denied in part such that the motion to dismiss be denied and the motion to remand be granted with instructions as further discussed herein.

---

[1] Defendants moved to dismiss the initial application/petition [Docket No. 1]. Plaintiff responded to the motion to dismiss and thereafter moved to amend the application, stating that the amended pleading merely included additional factual allegations that had been asserted in the response to the motion to dismiss, and that defendants would not be prejudiced by the amendment. Defendants did not submit a response to the motion to amend. In reviewing the amended pleading the court finds that defendants' motion to dismiss adequately addresses the allegations contained in the amended application, and defendants are not prejudiced by the amendment. The present motion is therefore construed as a motion to dismiss the first amended application [Docket No. 21].

The recommendation is based upon a determination that the district court has jurisdiction in this matter; that the matter is properly remanded to the United States Citizenship and Immigration Services for completion of necessary and appropriate background and name checks; and that the defendants should complete the application review process within 120 days after the date of the district court's order on this matter in the event the magistrate judge's recommendation is approved.

**Background and Claims**

Plaintiff Jehad Aarda is citizen of Jordan who became a lawful permanent resident of the United States on March 1, 1999, as a result of his marriage to a U.S. citizen. He resides in Savage, Minnesota, a location within the federal district in which this action was commenced. Mr. Aarda filed an Application for Naturalization on January 20, 2004, and he passed an English language and civics examination in the course of an interview which took place on June 23, 2004. Plaintiff has not been advised that he is statutorily ineligible for U.S. citizenship, and he has not been advised of the existence of any suspicious or negative information regarding himself that would place his eligibility for citizenship into question. Nonetheless, on January 17, 2006, plaintiff was informed that a necessary name check clearance and an IBIS[2] background check have not yet been conducted by the FBI, and his naturalization application therefore cannot be processed to completion. Plaintiff's various efforts to expedite the FBI background checks, including correspondence to USCIS, letters to his Congressman, and email communications to the FBI, have proven unsuccessful in accelerating the FBI investigation process.

---

[2] Interagency Border Inspection System. IBIS is a multi-agency database of information. Defendants' Memorandum in Support of Motion to Dismiss or Alternatively for Remand, page 22.

Plaintiff now moves, by way of application for writ of mandamus, for relief pursuant to 8 U.S.C. § 1447(b),[3] wherein an applicant for naturalization may seek relief in United States district court if an agency determination on naturalization is not made within 120 days after the date of the applicant's examination under 8 U.S.C. § 1446. Defendants do not contend that plaintiff's application should be denied outright, but candidly assert that the USCIS and the FBI are overwhelmed with applications for naturalization and associated background screening requests,[4] and argue that either dismissal of the matter for lack of ripeness or remand without time restrictions is appropriate.

**Discussion**

Both sides in this action argue that the court should grant immediate dispositive relief in their favor while alternatively requesting that the case be remanded to USCIS for further action. In presenting the respective arguments for dispositive relief, the defendants insist that the matter is not ripe for determination, and the case should be dismissed, because mandatory IBIS and FBI name checks have not been completed. Plaintiff on the other hand contends that the issue is ripe for review, and the court is authorized to finally determine the matter under 8 U.S.C. § 1447(b), because an examination

---

[3] 8 U.S.C. § 1447(b) provides:
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

[4] USCIS requests for background checks and screenings by the FBI extends to other alien change of status requests as well, including applications for permanent residence. See Haidari v. USCIS, Civil No. 06-3215 DWF/AJB (D.Minn.)(Memorandum Opinion and Order dated December 8, 2006).

has been conducted, no impediments to naturalization have been revealed, and more than 120 days have passed since the examination.  Nevertheless, both parties acknowledge that the weight of authority on the question now before the court, including the decision in Eisa v. United States Citizenship and Immigration Services, Civil No. 05-773 RHK/AJB (D.Minn., January 31, 2006)(120-day period commences on the date of the applicant's interview/examination),[5] calls for remand to USCIS for completion of background checks.  See also  Essa v. USCIS, 2005 WL 3440827 (D.Minn., December 14, 2005)(case remanded to USCIS with instructions to expeditiously reach a determination on applications); Sweilem v. USCIS, 2005 WL 1123582 (N.D. Ohio, May 10, 2005); El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D. Pa. 2005)(remanded for prompt resolution after completion of background check).  With respect to remand, however, plaintiff and defendants part ways when discussing whether remand should be with or without instructions, the government being opposed to imposition of any time limitations while petitioner seeks a minimal allowance of time for completing background security checks.

**Relief**

       8 U.S.C. § 1447(b) provides that district court has jurisdiction and states that an applicant may apply for hearing on the matter, but does not mandate that an evidentiary hearing be held.  Furthermore, the statute provides that the court may either determine the matter or remand the matter to the agency for determination in light of appropriate instructions.

---

[5] Order by Senior United States District Court Judge Richard H. Kyle [Docket No. 37], adopting the Report and Recommendation by United States Magistrate Judge Arthur J. Boylan, dated December 23, 2005 [Docket No. 29].

It is undisputed that the mandatory name check and IBIS check have not been completed in this matter, and the court therefore concludes that there is no fact issue which necessitates an evidentiary hearing in this instance. In addition, the court finds no clear justification for an immediate court determination on naturalization, and finds no compelling reason to usurp the agency's responsibilities in making naturalization determinations rather than remanding to the agency to allow it to make a determination, based upon appropriate instructions. See Eisa v. United States Citizenship and Immigration Services, Civil No. 05-773 RHK/AJB. As was stated in El-Daour v. Chertoff, 2005 WL 2106572 at *5, the court is not equipped to conduct background investigations and does not have the resources to determine whether the plaintiff is a worthy candidate for naturalization. Eisa, Report and Recommendation at 5. Indeed, the asserted reason that the USCIS has failed to process the plaintiff's application in a timely fashion prevents the court from making an informed decision on the application. Id. (citing El-Daour). Consequently, it is the court's determination and recommendation herein that this matter should be remanded to the USCIS and the director of the FBI with instructions to proceed with security and background checks as required by law.

**Instructions.** The primary point of contention in this action clearly appears to be whether a firm deadline should be established for completion of name checks by the FBI. With regard to such deadlines both parties emphasize the practical considerations of their positions. The plaintiff is left in immigration limbo, i.e. uncertain of his immigration status, hesitant to make out-of-the-country travel plans, and generally precluded from enjoying the benefits of citizenship. The government simply asserts that the FBI is overwhelmed with requests for background checks and that homeland security considerations preclude the use of shortcuts in the security clearance process. Of course, the inequity

in the government's position that the matter be remanded without time limits is that it essentially offers the plaintiff no relief at all. On the other hand, imposition of an exceptionally short time for completion of name checks carries with it the likelihood that a multitude of district court actions will be filed in an effort by applicants to move to the top of the list,[6] along with the probability that USCIS will simply cease conducting interview/examinations before the completion of background checks, a result that is not necessarily conducive to efficiency in a process that is already marred by delays. In any event, remand is appropriate, and the statute, 8 U.S.C. § 1447(b), provides that remand may be with instructions. Plaintiff in this matter had already waited over 21 months after his interview on June 23, 2004, before commencing this action in April 2006, and has now waited nearly 30 months. Under these circumstances it is the court's determination that remand should be granted with instructions to the United States Citizenship and Immigration Services and other defendants to complete all background checks, including an FBI name check and an IBIS name check, as necessary to fully process plaintiff's naturalization application, and that the required actions be completed within 120 days of an order by the district court granting remand.

Based upon the foregoing discussion, along with the file and documents contained therein, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1. Plaintiff's Motion for Leave of Court to File Plaintiff's First Amended Application

---

[6] A trend that has already begun, as indicated by review of the district court docket.

be **granted** [Docket No. 20];

   2. Plaintiff's Motion for Expedited Ruling be **denied as moot** [Docket No. 23]; and

   3. Defendant's Motion to Dismiss or Alternatively for Remand be **granted in part and denied in part** [Docket No. 10]. It is recommended that defendants' motion to dismiss be denied and that defendants' motion to remand be granted with instructions to the United States Citizenship and Immigration Services and other defendants to complete all background checks, including an FBI name check and an IBIS[7] name check, as necessary to fully process plaintiff's naturalization application, and that the required actions be completed within 120 days of an order by the district court granting remand.

Dated:  January 19, 2007

                s/ Arthur J. Boylan
                Arthur J. Boylan
                United States Magistrate Judge

   Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before February 5, 2007. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.

---

[7] Interagency Border Inspection System