UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

Jehad Aarda,                                                                 Civil No. 06-1561  RHK/AJB

                          Plaintiff,

v.                                                                                    **SECOND REPORT AND
                                                                                     RECOMMENDATION**

United States Citizenship
and Immigration Services, et al.,

                          Defendants.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on plaintiff's Motion for *de novo* Hearing on Application for Naturalization [Docket No. 29] and defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) [Docket No. 34]. The action has been referred to the magistrate judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(b). Plaintiff is represented by Bruce D. Nestor, Esq. Defendants are represented by Friedrich A.P. Seikert, Assistant United States Attorney.

The district court previously issued an Order[1] remanding the matter to defendant agencies with instructions to complete background checks required for processing plaintiff's naturalization application. The Order provided that the district court would retain jurisdiction "to assure compliance with the directives herein." The required background checks were completed in timely

---

[1] Order dated February 8, 2007 [Docket No. 28], adopting the Report and Recommendation by the magistrate judge [Docket No. 25].

fashion and plaintiff's application for naturalization was denied.[2] Plaintiff now challenges the denial of his application and seeks *de novo* hearing and review of the application by the district court. Defendants move to dismiss on grounds that the lawsuit is moot as a result of the prior adjudication, remand, and agency compliance; and the plaintiff has not exhausted administrative remedies as necessary to obtain further district court review.

It is the recommendation of the magistrate judge that plaintiff's Motion for *de novo* Hearing on Application for Naturalization be denied, and that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be granted. The recommendation is based upon a determination that the district court has made its final decision in this matter and the court's retention of jurisdiction has expired as a result of defendants' compliance with the instructions on remand. The action is therefore moot and the court has not retained jurisdiction for the purposes of a naturalization hearing under 8 U.S.C. § 1447(b).[3] The court further concludes that defendants have not exhausted administrative remedies available pursuant to 8 U.S.C. § 1421(c), (d); 8 U.S.C. § 1447(a); and 8 C.F.R. 336.2, and dismissal is appropriate on that ground as well. See United States v. Hovsepian, 359 F.3d 1144 n.15 (9th Cir. 2004).

---

[2] Decision on Application for Naturalization dated June 8, 2007, Plaintiff Exhibit [Docket No. 32]. The decision states that the application was denied on grounds that the applicant "failed to establish the requisite good moral character," based upon his having "given false testimony for the purpose of obtaining any benefits under [the Immigration and Nationality Act]." The written decision gives no explicit indication that the denial was based to any degree upon information obtained as a result of FBI or IBIS name checks, but rather, the decision resulted from a second interview conducted on May 30, 2007.

[3] The court is not making a determination that this action was made moot by the agency's denial of the plaintiff's naturalization application. Rather, this action is moot because the agency did what it was instructed to do.

**Procedural Background**[4]

Plaintiff Jehad Aarda is citizen of Jordan who became a lawful permanent resident of the United States on March 1, 1999, as a result of his marriage to a U.S. citizen. He resides in Savage, Minnesota, a location within the federal district in which this action was commenced. Mr. Aarda filed an Application for Naturalization on January 20, 2004, and he passed an English language and civics examination in the course of an interview which took place on June 23, 2004. Plaintiff commenced this action by application for writ of mandamus filed on April 25, 2006, seeking relief pursuant to 8 U.S.C. § 1447(b).[5] The motion alternatively requested that the district court either directly grant Mr. Aarda's naturalization application or compel the defendants to complete all background checks necessary to process his application. The district court in fact granted plaintiff the alternative relief he requested by remanding "with instructions to the United States Citizenship and Immigration Services and other defendants to complete all background checks, including an FBI name check and an IBIS name check, as necessary to fully process plaintiff's naturalization application, and that the required actions be completed within 120 days."[6] The FBI completed a name check on February 1, 2007, thereafter

---

[4] Much of the short recitation of background facts is taken verbatim from the magistrate judge's prior Report and Recommendation dated January 22, 2007.

[5] 8 U.S.C. § 1447(b) provides:
> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

[6] Order dated February 8, 2007.

providing the results to USCIS on May 3, 2007, and the most recent IBIS name check was conducted on June 8, 2007.[7] Plaintiff was subsequently informed by written decision that his application for naturalization was denied, and he was further advised of his right to request an administrative hearing on the determination.[8] Plaintiff sought such a hearing by written request, Form-336, dated June 13, 2007.[9] Meanwhile, plaintiff also seeks relief on the denial of his naturalization application by way of the present motion for *de novo* hearing even as he seeks further hearing via the administrative review process.[10]

**Discussion**

Plaintiff Jehad Aarda moves for d*e novo* hearing on his naturalization application on the claim that the district court retains the jurisdiction under 8 U.S.C. § 1447(b) that was recognized by the court in the earlier proceedings in this action. Plaintiff relies upon United States v. Hovsepian, 359 F.3d 1144 (9th Cir. 2004) and Etape v. Chertoff, 497 F.3d. 379 (4th Cir. 2007) as a basis for his assertion of continued jurisdiction. Such reliance is wholly misplaced in light of clear language contained in both appellate court cases. In each of those cases the respective court of appeals held that the district court had exclusive jurisdiction to adjudicate a timely filed petition for naturalization under 8 U.S.C. § 1447(b). Hovsepian at 1159, Etape at 386. However, the exclusive jurisdiction that is vested in the district courts, and that prevents the USCIS from acting on a naturalization application after a petition

---

[7] Declaration of Rebecca Arsenault Herize, ¶ 12 [Docket No. 37].

[8] Decision on Application for Naturalization dated June 8, 2007, Plaintiff Exhibit [Docket No. 32].

[9] Declaration of Rebecca Arsenault Herize, ¶ 14, Exh. A-6.

[10] Id.

has been filed in federal court, exists only "unless and until the court remand[s] the matter to the CIS." Etape at 383, (citing BP Am. Prod. Co v. Burton, __ U.S. __, 127 S.Ct. 638, 643 (2006)).

Pursuant to 8 U.S.C. § 1447(b) the district court had exclusive jurisdiction over the naturalization application here at issue from the time the petition was filed until the matter was remanded to the agency with instructions to complete actions necessary to fully process the application. Upon remand the district court retained jurisdiction only to the limited extent necessary to assure compliance with the court's express directions. The plaintiff obtained the relief that was requested. Jurisdiction over the case was effectively transferred to the agency at the time that the remand order was issued, and district court jurisdiction was not retained for any purpose beyond that which was appropriate to enforce the court's directives regarding completion of name checks. Contrary to plaintiff's apparent expectations, completion of FBI and IBIS name checks is not a mere formality, and the court finds no grounds for prohibiting the immigration agency from conducting a second interview, or denying a naturalization application for reasons unrelated to name check results, so long as such action does not intrude upon the court's jurisdiction. Furthermore, the defendants have put forth declaration evidence indicating that name checks were conducted[11] and no grounds for reassertion of district court jurisdiction exists on that ground in any event. Plaintiff's motion for *de novo* hearing on application for naturalization should be denied and defendants' motion to dismiss should be granted in the absence of district court jurisdiction to consider the matter under 8 U.S.C. § 1447(b).

**Exhaustion.**  Defendants also contend that plaintiff's motion for *de novo* hearing

---

[11] Declaration of Rebecca Arsenault Herize, ¶ 12.

should be denied, and the case should be dismissed, because plaintiff has not yet exhausted administrative remedies available to him. Defendants' position is well taken and the statutory scheme for administrative consideration of his naturalization application is entirely consistent with the ultimate availability of *de novo* district court review. District courts retain the final word on naturalization applications. United States v. Hovsepian, 359 F.3d 1144, 1162; Etape v. Chertoff, 497 F.3d. 379, 386. In the present case the final review is available pursuant to 8 U.S.C. § 1421(c),[12] but only after the applicant has requested a hearing before an immigration officer on the application denial pursuant to 8 U.S.C. § 1447(a). Plaintiff Aarda implicitly acknowledged this procedural requirement by filing a request for administrative review.[13] While submission of a request for administrative hearing may well be construed as a prudent means of ensuring some sort of review of the denial of naturalization is obtained, it also represents a measure of forum shopping, and creates a situation in which duplication of review efforts and conflicting decisions becomes manifest. 8 U.S.C. § 1421(c) has been logically interpreted to give the district court the last word on a naturalization application by requiring an applicant to "first take an administrative appeal of the denial and complete the [CIS]'s administrative process before seeking judicial review," Hovsepian at 1162 n.15 (emphasis added). Plaintiff has requested administrative review of the denial of his naturalization application the record in this matter

---

[12] 8 U.S.C. § 1421(c) provides:
> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of Title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

[13] Declaration of Rebecca Arsenault Herize, ¶ 14, Exh. A-6.

contains no indication that hearing was held or that a decision has been rendered. Therefore, his efforts to obtain district court review of the denial of his naturalization application is premature, and indeed, it is not a certainty that a request for such review will be necessary.

Based upon the foregoing discussion, along with the file and documents contained therein, the Magistrate Judge makes the following:

## RECOMMENDATION

It is **hereby recommended** that:

1. Plaintiff's Motion for *de novo* Hearing on Application for Naturalization be **denied** [Docket No. 29]; and

2. Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) be **granted** [Docket No. 34].


Dated:     December 6, 2007

      s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before December 21, 2007. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.