# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jehad Aarda,

                     Plaintiff,

                                           Civ. No. 06-1561 (RHK/AJB)
                                           **MEMORANDUM OPINION**
                                           **AND ORDER**

v.

United States Citizenship and Immigration
Services, *et al.*,

                     Defendants.

Bruce D. Nestor, De Leon & Nestor, LLC, Minneapolis, Minnesota, for Plaintiff.

Friedrich A.P. Siekert, Assistant United States Attorney, Minneapolis, Minnesota, for Defendants.

      This matter is before the Court on Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 45) (the "Fee Application"). For the reasons set forth below, the Fee Application will be granted in part and denied in part.

## BACKGROUND

      Plaintiff is a citizen of Jordan who has been a lawful permanent resident of the United States since 1999. Plaintiff filed an application for naturalization (the "Application") on January 20, 2004. On June 23, 2004, pursuant to 8 C.F.R. § 335.2, the Bureau of Citizenship and Immigration Services ("CIS") interviewed Plaintiff concerning his Application, at which time he passed the required English-language-proficiency

evaluation and a test concerning his knowledge and understanding of United States government and history.  See 8 U.S.C. § 1423(a)(1)-(2); 8 C.F.R. § 335.2.  The only remaining hurdle for the Application to be finally adjudicated, therefore, was a Federal Bureau of Investigation name check.  See 8 C.F.R. § 335.2(b).

When Plaintiff's name check had not been completed by April 2006, he commenced the instant action, seeking an Order either (1) granting the Application or (2) remanding it to CIS with instructions to adjudicate it within 60 days.  (See First Amended Application for Writ of Mandamus (Doc. No. 21) at 10.)  Defendants moved to dismiss the case; alternatively, they sought remand to CIS without any restrictions on the length of time in which CIS could adjudicate the Application.  (See Doc. No. 12 at 1-2.)  On January 19, 2007, Magistrate Judge Boylan issued a Report and Recommendation in which he recommended that the matter be remanded to CIS with instructions to adjudicate the Application within 120 days.  Plaintiff and Defendants then filed Objections to the Report and Recommendation.

By Order dated February 8, 2007, the Court overruled the Objections and adopted the Report and Recommendation in its entirety, "retain[ing] jurisdiction of this matter to ensure compliance with the directives herein."  Nothing in the Order directed that judgment be entered, and no separate judgment was entered at that time pursuant to Federal Rule of Civil Procedure 58.

On remand, CIS complied with the Court's Order and adjudicated the Application within 120 days – it denied the Application on June 8, 2007.  Plaintiff then

administratively appealed the denial of his Application. However, he also filed a Motion in the case *sub judice* seeking immediate *de novo* review of his Application. Defendants moved to dismiss, arguing that the lawsuit had been rendered moot by the denial of the Application and that the Court therefore lacked jurisdiction over the case, including any *de novo* review. Plaintiff countered that jurisdiction continued to exist because the Court had expressly retained jurisdiction over this case in its February 8, 2007 Order.

On December 6, 2007, Magistrate Judge Boylan issued a Report and Recommendation recommending that the Motion to Dismiss be granted. Judge Boylan rejected Plaintiff's argument that jurisdiction continued to exist based on the Court's reservation of jurisdiction in its February 8, 2007 Order, stating "[u]pon remand the district court retained jurisdiction only to the limited extent necessary to assure compliance with the court's express directions. . . . [D]istrict court jurisdiction was not retained for any purpose beyond that which was appropriate to enforce the court's directives regarding completion of [the] name check[]." (Doc. No. 41 at 5.) Because *de novo* review was not a purpose for which the Court retained jurisdiction, Judge Boylan recommended dismissing the case for lack of jurisdiction. Plaintiff filed an Objection to the Report and Recommendation, but the Court overruled it and adopted the Report and Recommendation in its entirety by Order dated January 3, 2008. That Order expressly directed the entry of judgment, and a separate Judgment dismissing the case was entered the same day, pursuant to Federal Rule of Civil Procedure 58.

Plaintiff filed the instant Fee Application on February 8, 2008. Plaintiff argues

that he is entitled to an award of $6,563.50 in attorney's fees and costs incurred in connection with this case under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"). In response, Defendants argue that (1) the Fee Application is untimely, (2) fees are unwarranted under the EAJA, and (3) even if fees are awarded, they should be reduced from the amount sought by Plaintiff.

## ANALYSIS

**I.     The Fee Application was timely filed.**

The EAJA provides, in pertinent part, that a court shall award to "a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought . . . against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A "prevailing party" seeking fees under the EAJA must file his application "within thirty days of final judgment in the action," id. § 2412(d)(1)(B) – in other words, within 30 days of a judgment that is "final and not appealable," id. § 2412(d)(2)(G).  In cases where the United States (or agents thereof) are named as defendants, the deadline for filing an appeal is 60 days from the date the judgment is entered.  See Fed. R. App. P. 4(a)(1)(B).  Hence, a party seeking fees under the EAJA must file his application within 90 days (60 plus 30) of judgment being entered in the district court, if no appeal is taken in the case.

Here, Defendants creatively argue that Plaintiff's application was untimely because it was filed both too early and too late.  They first argue that Plaintiff seeks fees

only for work performed up to the Court's February 8, 2007 Order remanding this case to CIS and, accordingly, that the Fee Application should have been filed within 90 days of that Order (February 8, 2007), even though no judgment was entered at that time. They next argue that if the controlling date is January 3, 2008 (the date the Judgment was entered) and not February 8, 2007 (the date of remand), the Fee Application was filed too early because the Judgment had not yet become "final" when the Fee Application was filed on February 8, 2008. Neither argument is persuasive.

Taking the latter argument first, Defendants are correct that several courts (including the United States Supreme Court) have held that an EAJA application filed before a judgment becomes "final" under the EAJA – that is, before it becomes unappealable – is "premature." E.g., Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Goatcher v. Chater, 57 F.3d 980, 981 (10th Cir. 1995); United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993).[1] That Plaintiff's Application is premature, however, does *not* mean that it must be dismissed, as Defendants argue. Indeed, in Melkonyan (upon which Goatcher and 27.09 Acres relied), the Supreme Court declined to address whether a district court must refuse to entertain a premature fee application. 501 U.S. at 102 ("This case is not an appropriate vehicle for resolving the issue.").

Several other courts have held that "premature" fee applications under the EAJA may be entertained by district courts, because the EAJA sets forth only a deadline for

---

[1] Plaintiff concedes that his Fee Application is premature. (See Reply Mem. at 5.)

filing such applications, not a starting date. See, e.g., Johnson v. Gonzales, 416 F.3d 205, 208 (3rd Cir. 2005) ("[t]he EAJA establishes only a deadline after which . . . petitions may not be filed; earlier filing is possible") (quoting Taylor v. United States, 749 F.2d 171, 174 (3rd Cir. 1984)); Auke Bay Concerned Citizen's Advisory Council v. Marsh, 779 F.2d 1391, 1393 (9th Cir. 1986); James v. Dep't of Hous. & Urban Dev., 783 F.2d 997, 998 (11th Cir. 1986); Gonzalez v. United States, 44 Fed. Cl. 764, 767-68 (Fed. Cl. 1999). Although the Court's research has not uncovered any Eighth Circuit cases so holding, our Court of Appeals has strongly suggested that it would take the same position if confronted with the question. See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citing Auke Bay with approval and parenthetically describing the holding in that case as "fee applications filed before final judgments are timely"). Moreover, the legislative history of the EAJA confirms that Congress intended to authorize district courts to act on fee applications filed before judgments become "final" under the EAJA. See H.R. Rep. No. 99-120(I), at 18 n.26 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 146 n.26 ("Fee petitions may be filed before a 'final judgment.'"); see also McDonald v. Schweiker, 726 F.2d 311, 314 (7th Cir. 1983) ("The legislative history indicates . . . that the 30-day provision in the Act was meant to establish a deadline, not a starting point."). Accordingly, the Court rejects Defendants' argument that the Fee Application should be dismissed as premature.

Defendants' argument that the Fee Application was filed too late fares no better. As the foregoing discussion demonstrates, the 30-day clock for filing an EAJA fee

application does not begin ticking until after the district court's judgment becomes "final." The remand Order of February 8, 2007, however, was not a judgment, and therefore it could not become a "final judgment" for EAJA purposes. This is made abundantly clear by the fact that the remand Order was not a "separate document" under Federal Rule of Civil Procedure 58(a), did not direct the entry of judgment on such a "separate document," and expressly indicated that the Court would retain jurisdiction over this case to ensure Defendants' compliance with the Order's directives. Cf. Shalala v. Schaefer, 509 U.S. 292, 296-301 (1993) ("sentence four" remand in a Social-Security case is a final judgment because the Social Security Act specifies that such remands are final judgments and does not permit retention of jurisdiction by the district court). In fact, Defendants concede that the remand Order was not a judgment. (See Mem. in Opp'n at 12-13.) Only once the Court rejected Plaintiff's request for *de novo* review and dismissed this case on January 3, 2008, was the Clerk directed to enter judgment; the Judgment was then entered on the docket on a "separate document" pursuant to Rule 58. Plaintiff, therefore, had 90 days – 60 days for the expiration of the appeal period, plus 30 more days under the EAJA – from January 3, 2008, to file his Fee Application. Because that application was filed on February 8, 2008, it was timely under the EAJA.

**II.    Plaintiff is entitled to fees and costs.**

    **A.    Plaintiff is a "prevailing party"**

A prerequisite to an award of fees under the EAJA is that the claimant be a "prevailing party." "[T]o qualify as a 'prevailing party,' a plaintiff must obtain 'actual

relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" John T. ex rel. Robert T. v. Iowa Dep't of Educ., 258 F.3d 860, 863-64 (8th Cir. 2001) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)); accord Cody v. Hillard, 304 F.3d 767, 772 (8th Cir. 2002) ("a plaintiff must secure a 'judicially sanctioned change in the legal relationship of the parties' to qualify as a prevailing party") (quoting Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). "Any relief obtained must directly benefit [the plaintiff] at the time of the judgment or settlement." Drennan v. Pulaski County Special Sch. Dist., 458 F.3d 755, 757 (8th Cir. 2006) (citation omitted). On the other hand, attorney's fees are not warranted when a plaintiff "prevailed on only a very small and technical part of [his] claim." Id. (citation omitted).

On facts similar to those here, two decisions of this Court recently concluded that the plaintiffs were "prevailing parties" for purposes of the EAJA. In Liu v. Chertoff, Civ. No. 06-3851, 2008 WL 706594 (D. Minn. Mar. 14, 2008) (Davis, J.), the Court held that the plaintiff was a prevailing party

> because the Court granted him relief that was substantially the relief [he] requested in his Petition. Liu requested that the Court either adjudicate his naturalization application or remand his application to Defendants for immediate adjudication. Although the Court did not order "immediate" adjudication, over Defendants' objections, the Court ordered remand to USCIS to adjudicate Liu's naturalization application within a specific time frame, which was a position Liu did advocate in his opposition to Defendants' motion to dismiss. The Court's ruling altered Liu's legal relationship with Defendants by requiring Defendants to adjudicate his application within a specific time

-8-

>frame.  Liu could have moved to enforce the Court's Order if Defendants had failed to comply with it, which is the reason the Court retained jurisdiction over this matter.  Although Liu is now naturalized, the adjudication of his naturalization application did not result from a voluntary change in Defendants' conduct.  Instead, Defendants acted in compliance with this Court's Order.  This case can now be dismissed precisely because Liu prevailed and obtained a sought-after Court Order, and Defendants obeyed the Court's Order.  Liu is a prevailing party.  See, e.g., Haidari v. Frazier, Civil No. 06-3215 (DWF/AJB), slip op. at 8 (D. Minn. May 11, 2007) (holding petitioner who obtained court order remanding application to USCIS for adjudication within 30 days was prevailing party); Aboushaban v. Mueller, 475 F. Supp. 2d 943, 946 (N.D. Cal. 2007) (holding that plaintiff who obtained court order requiring USCIS to adjudicate plaintiff's application was prevailing party and gathering cases holding similarly).

Id. at *3.  As noted in Liu, the same conclusion was reached in Haidari v. Frazier, Civ. No. 06-3215, slip op. at 7-8 (D. Minn. May 11, 2007) (Frank, J.), which held that the plaintiffs were prevailing parties under the EAJA because their applications for naturalization were remanded to CIS for adjudication within a specific time frame.  The Court fully agrees with these decisions and adopts their reasoning.  Accordingly, it concludes that, by virtue of the Court's remand of the Application to CIS with instructions to adjudicate it within 120 days, Plaintiff is a prevailing party in this action.

One additional point bears mentioning.  In Liu and Haidari, the naturalization applications at issue were *granted* by CIS on remand, whereas the Application here was *denied* on remand.  Defendants argue that Plaintiff cannot be a prevailing party when his Application was denied (see Mem. in Opp'n at 12), but the Court does not agree.  The nature of the relief sought in the Petition was to compel action on the Application; prevailing-party status, therefore, is not tied to whether the Application ultimately was

adjudicated in Plaintiff's favor.  Stated differently, whether Plaintiff is a prevailing party is a separate issue from "USCIS ultimately grant[ing] h[is] application for naturalization; *instead, h[is] success stems from the fact that USCIS adjudicated h[is] naturalization application at all.*"  Osman v. Mukasey, No. C07-588MJP, 2008 WL 618635, at *3 (W.D. Wash. Mar. 3, 2008) (emphasis added); accord Alghamdi v. Ridge, No. 3:05cv344-RS, 2006 U.S. Dist. LEXIS 68498, at *17 (N.D. Fla. Sept. 25, 2006) ("whether USCIS ultimately grants or denies the application [is] irrelevant for determining whether a plaintiff" is a prevailing party).

For these reasons, the Court concludes that Plaintiff is a "prevailing party" in this action.[2]

**B.     Defendants' position was not substantially justified**

A litigant may not recover fees under the EAJA if the Government's position was "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  The burden rests with the Government to show that its position was substantially justified; to do so, it must demonstrate that its position had "a reasonable basis both in law and fact" or was "justified in substance or in the main."  SEC v. Zahareas, 374 F.3d 624, 626-27 (8th Cir. 2004).  "Position" means both the Government's litigation position *and* the underlying action or failure to act by the agency that led to litigation in the first place.  28 U.S.C.

---

[2] Another prerequisite to the recovery of fees under the EAJA is that an individual seeking such fees have a net worth of $2 million or less.  See 28 U.S.C. § 2412(d)(2)(B). Plaintiff has submitted an Affidavit confirming that fact, and Defendants do not argue otherwise.

§ 2412(d)(2)(D).  Here, the Court concludes that Defendants' position was not substantially justified, both pre-litigation and during litigation.

Defendants' sole argument to justify their pre-litigation position – more than 22 months of delay between Plaintiff's interview with CIS and the commencement of this action – is that they were extremely backlogged with name-check requests and, as a result, it took a significant amount of time to complete the background check necessary to process the Application.  (See Mem. in Opp'n at 15-18.)  This argument parrots those raised, and rejected, in Liu and Haidari.  See Liu, 2008 WL 706594, at *4 (pre-litigation position was not substantially justified due to the "heavy workload faced by the FBI and the USCIS" in processing name checks); Haidari, slip op. at 9 ("Defendants' assertion that the USCIS is overworked does not justify the delay."); see also Alghamdi, 2006 U.S. Dist. LEXIS 68498, at *43 ("that background checks were necessary and had to be completed before the plaintiff could be naturalized . . . merely restates, in a conclusory manner, the necessity of completing the background check; it does not *justify* the delay") (emphasis in original).  The Court agrees with and adopts that conclusion.

As for Defendants' litigation position, the Court need do nothing more than repeat Haidari's succinct (and, in its view, correct) conclusion:

> [A]lthough the Court need not address whether Defendants' litigation positions were substantially justified in light of finding that the underlying actions were not substantially justified, the Court finds that certain litigation positions that the Defendants' took were not substantially justified.  Specifically, in light of the relevant statutes and regulations and the existing case law indicating a trend to recognize that the government has a duty to

>process these and similar applications within a reasonable period of time, at a minimum, Defendants' failure to recognize that the USCIS has a duty to adjudicate the Plaintiffs' applications within a reasonable time was not substantially justified.

Slip op. at 10-11; accord Liu, 2008 WL 706594, at *5; Osman, 2008 WL 618635, at *4.

### C. No "special circumstances" require the Court to deny fees

Defendants argue that "special circumstances" here make an award of fees unjust. It is true that, in "special circumstances," the Court may deny an award of fees under the EAJA. See 28 U.S.C. § 2412(d)(1)(A). Such circumstances exist when the Government "advanc[es] in good faith . . . novel but credible extensions and interpretations of the law" or when equitable considerations dictate than an award not be made. Dep't of Labor v. Rapid Robert's, Inc., 130 F.3d 345, 347-48 (8th Cir. 1997) (citation omitted).

Defendants argue that no fee award is warranted here because "this is not a case in which the government affirmatively acted in violation of the law" (Mem. in Opp'n at 21), but the Court is not persuaded. Indeed, the Court has already determined that Defendants were required to adjudicate the Application within a reasonable period of time; their failure to do so, in the Court's view, belies the contention that they did not "affirmatively act in violation of the law." (Id.)[3] The Court further notes that Liu rejected this same

---

[3] The Court finds particularly disingenuous Defendants' assertion that they "worked hard to complete the mandatory background checks in as timely a fashion as possible." (Mem. in Opp'n at 21.) Plaintiff's name check had been pending for almost two years before this action was commenced in April 2006, and still had not been completed nearly a year later when, in February 2007, the Court ordered adjudication of the Application within 120 days. Only after remand with a Court-imposed deadline for adjudicating the Application did Defendants "spring into action" and rapidly adjudicate the Application.

argument, stating "Defendants have provided no explanation why Liu's name check . . . took so long . . . . Additionally, Liu bears no responsibility for the delay. These equities do not make an award unjust." 2008 WL 706594, at *5. The Court agrees and concludes that it need not decline to award fees here due to "special circumstances."

**III.    The amount of fees and costs requested will be reduced.**

The EAJA permits a prevailing party to recover "fees and other expenses" incurred in the litigation. 28 U.S.C. § 2412(d)(1)(A). The term "fees and other expenses" includes "reasonable attorney fees," with a caveat: "The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. § 2412(d)(2)(A).

Here, Plaintiff seeks fees for 24.8 hours of work performed in this case by attorney Bruce D. Nestor. Attorney Nestor has submitted an affidavit detailing his work on this case and contemporaneous time records documenting the 24.8 hours expended. Defendants raise only two objections to attorney Nestor's time entries.

First, Defendants argue that 2.7 hours expended preparing a Motion to Amend the Complaint (and the Amended Complaint itself) were unnecessary, since (1) leave to amend was not required because Defendants had not filed an Answer at that time and (2) the Amended Complaint added only "superfluous factual allegations." (Mem. in

Opp'n at 23.) While Defendants are correct that leave to amend was not required, Plaintiff's counsel appears to have spent nearly all of these 2.7 hours preparing the Amended Complaint and not the Motion to Amend, which is a mere two pages long and does little more than recite the standard for leave to amend under Federal Rule of Civil Procedure 15. Moreover, the Court does not agree with Defendants' assertion that the amendments to the Complaint were superfluous and added little to the original Complaint. Accordingly, the Court will not reduce the compensable time devoted to the Amended Complaint.

Second, Defendants argue that 1.5 hours expended in connection with Plaintiff's Motion to Expedite a Ruling on Defendants' Motion to Dismiss should be excluded, because "[s]uch a motion is not contemplated by the rules and the motion added nothing substantive to the record in the case." (Id.) When Plaintiff filed the Motion to Expedite, however, the Motion to Dismiss had been pending for more than 5 months. In the meantime, Plaintiff was living in immigration limbo; seeking an expedited ruling on Defendants' Motion under these circumstances was certainly reasonable. Moreover, while the Federal Rules of Civil Procedure and the Court's Local Rules do not expressly provide for a motion to expedite a ruling, they also do not specifically preclude such a motion. Accordingly, the Court will not disallow the 1.5 hours expended in connection with the Motion to Expedite.

The Court has reviewed the remaining time entries submitted by Plaintiff's counsel (which Defendants have not challenged) and concludes that they are reasonable and

appropriate. Accordingly, Plaintiff is entitled to fees for the full 24.8 hours expended by his counsel. In addition, the Court notes that Plaintiff's counsel spent 2.5 hours preparing a Court-ordered Reply brief in connection with the Fee Application. The Court believes that 2.5 hours is reasonable and will therefore add those hours to Plaintiff's Fee Application.[4] Accordingly, Plaintiff is entitled to recover for 27.3 hours of attorney work on this case.

As for the hourly rate, Plaintiff and Defendants agree that the $125 hourly rate set forth in the EAJA, when adjusted upward using the Consumer Price Index, results in an hourly rate of $169. See Johnson v. Sullivan, 919 F.2d 503, 504-05 (8th Cir. 1990) (EAJA's $125 hourly rate may be increased to account for cost-of-living increases, and approving use of Consumer Price Index to do so); Liu, 2008 WL 706594, at *6 (adjusting statutory hourly rate based on Consumer Price Index).[5] Plaintiff, however, requests a further upward adjustment of the hourly rate to $250, arguing that such a rate is warranted because of the intricacies of immigration law and because $250 is less than the market rate of $285 per hour for skilled immigration lawyers. (Pl. Mem. at 11-12.) Not surprisingly, Defendants oppose any further enhancement of the hourly rate, arguing that "[t]his case did not present any unique or complex immigration issue requiring special expertise." (Mem. in Opp'n at 22-23.)

---

[4] Fees incurred in litigating an EAJA fee application are compensable. Comm'r v. Jean, 496 U.S. 154, 164-65 (1990).

[5] Defendants argue that the Court should utilize only the $125 hourly rate set forth in the statute, but the Court believes than an enhancement for cost of living is appropriate.

Although counsel's performance in this matter has been commendable, the Court agrees with Defendants that no further upward adjustment is warranted. As the Court noted in <u>Aboushaban v. Mueller</u>, 475 F. Supp. 2d 943, 950 (N.D. Cal. 2007):

> Although plaintiff's counsel possesses substantial experience in immigration matters, and although such matters may indeed be complex, defendants are correct that this matter did not demand specialized or distinctive knowledge or skill. The underlying dispute was a relatively straight-forward mandamus action requiring no discovery or evidentiary hearings. . . . And while the defendants mounted a spirited defense, plaintiff's filings were relatively concise and did not involve unusually difficult questions of law. The [CPI] adjusted statutory rate . . . provides adequate compensation.

(internal citation omitted). The Court agrees with <u>Aboushaban</u>'s reasoning and declines to further upwardly adjust the hourly rate.

Accordingly, the Court concludes that Plaintiff is entitled to recover attorney's fees in the amount of $4,613.70 (27.3 hours at $169 per hour). Plaintiff also is entitled to recover costs in the amount of $363.50 (for the filing fee and photocopies), to which Defendants have not objected. All told, therefore, Plaintiff shall be awarded $4,977.20 in attorney's fees and costs.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Plaintiff's Application for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 45) is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff is entitled to judgment in the amount of $4,977.20 in attorney's fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 8, 2008               s/Richard H. Kyle
                                                    RICHARD H. KYLE
                                                    United States District Judge